UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| RONALD SATISH EMRIT, a/k/a President Candidate Number P60005535, *et al.*, | ) | |
| Plaintiff, | ) | No.: 3:26-CV-106-TAV-DCP |
| v. | ) | |
| FORMER PRESIDENT BARACK HUSSEIN OBAMA, *et al.*, | ) | |
| Defendants. | ) | |

**<u>ORDER & REPORT AND RECOMMENDATION</u>**

This case is before the undersigned pursuant to 28 U.S.C. § 636(b) and the Rules of this Court on Plaintiff's Complaint [Doc. 1] and his Application to Proceed In Forma Pauperis With Supporting Documentation ("Application") [Doc. 2]. For the reasons more fully stated below, the undersigned **GRANTS** Plaintiff's Application [**Doc. 2**] but **RECOMMENDS** that the District Judge **DISMISS** the Complaint [**Doc. 1**].

## I. DETERMINATION ABOUT THE FILING FEE

Plaintiff has filed an Application [Doc. 1] with the required detailing of his financial condition. Section 1915 allows a litigant to commence a civil or criminal action in federal court without paying the administrative costs of the lawsuit. *Denton v. Hernandez*, 504 U.S. 25, 27 (1992). The Court's review of an application to proceed without paying the administrative costs of the lawsuit is normally based solely on the affidavit of indigence. *See Gibson v. R.G. Smith Co.*, 915 F.2d 260, 262–63 (6th Cir. 1990) (observing that "the filing of a complaint is conditioned

solely upon a person's demonstration of poverty in his affidavit and the question of frivolousness is taken up thereafter"). To proceed without paying the administrative costs, the plaintiff must show by affidavit the inability to pay court fees and costs—it is a threshold requirement. 28 U.S.C. § 1915(a)(1). One need not be absolutely destitute, however, to enjoy the benefit of proceeding in the manner of a pauper, or in forma pauperis. *Adkins v. E. I. DuPont de Nemours & Co., Inc.*, 335 U.S. 331, 342 (1948). An affidavit to proceed without paying the administrative costs is sufficient if it states that the plaintiff cannot, because of poverty, afford to pay for the costs of litigation and still pay for the necessities of life. *Id*. at 339.

The Court finds the Application is sufficient to demonstrate that Plaintiff has little income and few assets. Considering Plaintiff's Application, it appears to the Court that his economic status is such that he cannot afford to pay for the costs of litigation and still pay for the necessities of life. The Court will allow Plaintiff to proceed in the manner of a pauper. The Court **DIRECTS** the Clerk to file the Complaint in this case without payment of costs or fees; however, the Clerk **SHALL NOT** issue process at this time as the undersigned recommends dismissal of the Complaint.

## II. RECOMMENDATION AFTER SCREENING OF THE COMPLAINT

Under the Prison Litigation Reform Act ("PLRA"), district courts must screen complaints and shall, at any time, *sua sponte* dismiss any claims that are frivolous or malicious, fail to state a claim for relief, or are against a defendant who is immune. 28 U.S.C. § 1915(e)(2); *Benson v. O'Brian*, 179 F.3d 1014, 1015–16 (6th Cir. 1999).[1] Courts also have a continuing duty to ensure

[1] Despite the reference to prisoners, 28 U.S.C. § 1915 requires the Court to screen complaints filed by non-prisoners seeking in forma pauperis status. *McGore v. Wrigglesworth*, 114 F. 3d 601, 608 (6th Cir. 1997) ("Unlike prisoner cases, complaints by non-prisoners are not subject to

that jurisdiction exists to hear the case. *Answers in Genesis, Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009) ("[F]ederal courts have a duty to consider their subject matter jurisdiction in regard to every case and may raise the issue *sua sponte*." (citations omitted)). To survive an initial review under the PLRA, a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). Where a plaintiff is proceeding *pro se*, courts are to liberally construe the complaint and hold it to a less stringent standard than a formal pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999).

### A. Summary of the Complaint

On October 9, 2025, Plaintiff filed a lawsuit naming Former President Barack Obama, Michelle Obama, Former President Joe Biden, Jill Biden, Hunter Biden, Justice Kentaji Brown Jackson, "Prince Andrew of the Windors", and British Prime Minister Keir Starmer as defendants [Doc. 1 p. 1].[2]

He requests "punitive, compensatory, treble, actual, presumed, and special damages in the amount of $500,000,000,000 for the commission of the aforementioned torts involving Federal Tort Claims Act (FTCA) and Restatement (Third) of Torts," "expectation, reliance, restitution,

---

screening process required by § 1915A. However, the district court must still screen the complaint under § 1915(e)(2)."), *overruled on other grounds*, *Jones v. Bock*, 549 U.S. 199, 203 (2007).

[2] Plaintiff Emrit identifies another Plaintiff in the caption of his Complaint: "Presidential Committee/Political Action Committee/Separate Segregated Fund (SSF) Number C00569897 d/b/a United Emrits of America" [Doc. 1 p. 1]. He does not provide any information about this Plaintiff [*See id.* at 1–8]. To the extent this entity exists, it cannot proceed without an attorney. *See Hilton I. Hale & Assocs., LLC v. Gaebler*, No. 2:10-CV-920, 2011 WL 308275, at *1 (S.D. Ohio Jan. 28, 2011) (explaining that all artificial entities must have representation).

incidental, and consequential damages for the commission of tortious interference with business relations/contacts which is substantially similar to material breach of contract despite the Gist of the Action Doctrine separating tort issues and contract issues for purposes of litigation," as well as "a preliminary injunction as an equitable remedy pursuant to Rule 65 of Federal Rules of Civil Procedure (FRCP) precluding and/or enjoying the defendants from advertising to the plaintiff on Cable TV broadcasts" and a "declaratory judgment pursuant to Rule 57 of Federal Rules of Civil Procedure (FRCP) as a statement of the law that with artificial intelligence (AI) and algorithms to spy on consumers for purposes of increasing the company's stock price in over-the-counter markets (OTC) or federal stock exchange (NYSE) or driving smaller companies out of business is an Antitrust violation perhaps involving the misdemeanors of trespass, stalking, harassment, and maybe voyeurism if these companies have employees conducting surveillance on consumers" [*Id.* at 6–7].

Plaintiff's "Nature of the Case" and "Statement of Facts" sections are unclear, with many of the alleged facts not having any connection to any of the four stated causes of action he lists as "Counts," which include defamation, public nuisance, industrial espionage and tortious interference with business relations/contracts. [*Id.* at 5]. For example, Plaintiff relates how he was interviewed by Craig Tomashoff, the "senior producer of the Kelly Clarkson Show," and that he showed Mr. Tomashoff a "document uploaded to PACER on a public computer indicating that Secretary of State Ken Detzner and Kristi Reid-Bronson from his office at the RA Gray Building in Tallahassee sent the plaintiff a letter indicating that he would be placed on the ballot in Florida for the 2016 election" [*Id.* at 4–5].

As for his claims against Former President Obama, Plaintiff contends that he is defaming President Donald J. Trump by "appearing in interviews and podcasts when most former presidents

try to stay out of the spotlight based on a sense of professional courtesy" [*Id.* at 5]. He contends that "companies which feature [President Obama] on their podcasts or through interviews are committing the tort of industrial espionage," and that those that feature President Obama "on their channels' interviews and/or podcasts are committing the tortious interference with business relations/contracts under the Federal Tort Claims Act (FTCA)" [*Id.*].

Plaintiff seemingly acknowledges that this Court does not have "personal or subject matter jurisdiction over this issue" and instead posits that "the U.S. District Court for the District of New Jersey (as an Article III court) has jurisdiction because there is complete diversity of jurisdiction between the Plaintiff and the four defendants given that the plaintiff lives in Sarasota, Florida and no longer in Fort Worth, Texas" [*Id.* at 3]., He further posits that "the U.S. District Court for the District of Connecticut also has subject matter jurisdiction over the present case at bar because this proceeding involves a discussion of Title VII of the Civil Rights Act of 1964, Americans with Disabilities Act of 1990, Equal Protection Clause, Due Process Clause, Fourth Amendment, and Privileges and Immunities Clause" [*Id.*]. The Court notes, however, that there is no mention of these statutes in this Complaint.

**B. Screening of the Complaint**

Plaintiff's Complaint suffers from several deficiencies. First, Plaintiff alleges no facts to exercise personal jurisdiction over Defendants. "When conducting a screening pursuant to 28 U.S.C. § 1915(e)(2), it is appropriate for the Court to consider whether it has personal jurisdiction over the defendants in the action and whether venue is proper." *Smith v. White*, No. 121CV00190, 2022 WL 2708762, at *1 (E.D. Tenn. June 21, 2022) (citations omitted), *report and recommendation adopted*, No. 1:21-CV-190, 2022 WL 2706157 (E.D. Tenn. July 12, 2022)). As part of the screening process, "a court may dismiss an action without prejudice if it has no

personal jurisdiction over the defendant." *Id.* (citation omitted). "A plaintiff bears the burden of establishing that a court may properly exercise jurisdiction over a defendant." *Bulso v. O'Shea*, 730 F. App'x 347, 349 (6th Cir. 2018) (citation omitted). To assert personal jurisdiction, "a defendant generally must have certain 'minimum contacts' with the forum state." *Id.* (quoting *Walden v. Fiore*, 571 U.S. 277, 283 (2014)). Exercising personal jurisdiction over a defendant must comport with due process. *Id.* As the United States Sixth Circuit Court of Appeals has explained:

> To satisfy due process, the plaintiff must show that (1) the defendants purposefully availed themselves of the privilege of acting in the forum state, (2) the cause of action arises from the defendants' activities in the forum state, and (3) the defendants' acts or consequences "have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant[s] reasonable."

*Id.* (quoting *Miller v. AXA Winterthur Ins. Co.*, 694 F.3d 675, 680 (6th Cir. 2012)) (alteration in original).

Here, Plaintiff has pleaded no facts demonstrating that the cause of action arises from Defendants' activities in Tennessee or that Defendants' acts or consequences have a substantial connection to Tennessee. The undersigned therefore finds that the Court lacks personal jurisdiction over Defendants.[3]

Second, even if there were jurisdiction, venue is not proper. Under 28 U.S.C. § 1391:

> A civil action may be brought in--

[3] "When a plaintiff seeking IFP status files a complaint lacking any allegations supporting personal jurisdiction over the defendants, a district court may dismiss the case sua sponte or, in the alternative, find that the action should be transferred to a district where personal jurisdiction might exist." *Jackson v. Rosenburg*, No. CV 19-2329, 2019 WL 6702702, at *2 (D. Minn. Oct. 25, 2019) (citations omitted), *report and recommendation adopted*, No. CV 19-2329, 2019 WL 6698427 (D. Minn. Dec. 6, 2019). The undersigned recommends dismissal sua sponte, *see* part II section C.

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;
>
> (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or
>
> (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). Because there are no allegations that Defendants reside in this judicial district and Plaintiff does not allege that a substantial part of the events or omissions giving rise to his claims occurred in this judicial district, the undersigned finds that venue in this Court is improper.

Third, the undersigned finds that Plaintiff's Complaint is frivolous. *See* 28 U.S.C. § 1915(e)(2)(B). Even construing Plaintiff's Complaint liberally, it does not meet basic pleading requirements or state a claim upon which relief may be granted. "The U.S. Constitution limits the exercise of federal judicial power to live cases and controversies." *Reynolds v. Talberg*, No. 1:18-CV-69, 2020 WL 6375396, at *2 (W.D. Mich. Oct. 30, 2020) (citation omitted). This means that the court can only hear cases that are justiciable, and "[a] critical component of justiciability is standing." *Id.* (citation omitted); *see also Mitchell v. BMI Fed. Credit Union*, 374 F. Supp. 3d 664, 668 (S.D. Ohio 2019) ("Standing is an Article III principle: without standing, a federal court cannot exercise jurisdiction because there is no case or controversy." (citations omitted)). In order to have standing, a plaintiff's injury must be (1) "concrete and particularized," and (2) "actual or imminent, not conjectural or hypothetical." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (cleaned up). In other words, a "generalized grievance" is not sufficient. *Reynolds*, 2020 WL 6375396, at *2.

It is Plaintiff's burden to establish standing. *See Bradley v. United States*, 402 F. Supp. 3d 398, 403 (N.D. Ohio 2019) (dismissing the case during the screening process because the plaintiff had failed to allege standing). Plaintiff has not alleged that he suffered an "actual" injury, nor has he alleged any injury that is "imminent." *Lujan*, 504 U.S. at 560–61.

And as noted by the Massachusetts District Court, "[a]ll the claims against [Former] President Obama are based on 'indisputably meritless' legal theories because the alleged conduct by [Former] President Obama (or companies broadcasting his interviews and podcasts) does not constitute defamation, public nuisance, industrial espionage, tortious interference with business relations/contracts, or any other tort." *Emrit v. Obama*, 26-CV-11216, 2026 WL 1127357, at *2 (D. Mass. Apr. 9, 2026), *report-recommendation adopted*, 2026 WL 1125091 (D. Mass. Apr. 24, 2026).

Accordingly, because Plaintiff's claims lack any arguable basis in fact or law, they are frivolous and may be dismissed. *See Denton*, 504 U.S. at 32–33.

### C. Amending the Complaint

The Court has considered whether to allow Plaintiff to amend his Complaint but declines to do so. As acknowledged by the Northern District Court of New York, "Plaintiff has filed the same claims against the same defendants in at least twenty-seven other federal districts." *Emrit v. Obama*, No. 1:26-CV-393, 2026 WL 2210045, at *4 (N.D.N.Y. July 31, 2026) (citing *Emrit v. Obama*, 3:26-CV-03010, 2026 WL 1021173, at *1 n.1 (D.S.D. Apr. 15, 2026)). District and circuit courts have already dismissed his claims against these same defendants. *See Emrit v. Obama*, 26-1060,2026 WL 1138752, at *2-4 (D. Kan. Apr. 27, 2026) ("[T]he complaint does not allege that any of the named defendants committed the alleged acts of industrial espionage and tortious interference."), *report-Recommendation adopted*, 2026 WL 1135974 (D. Kan. Apr. 27, 2026);

*Emrit*, 2026 WL 1021173, at *1 ("'A well-documented "serial pro se filer" since approximately 2013, Plaintiff Ronald Satish Emrit . . . has initiated more than three hundred civil actions in district courts nationwide, from Maine to Hawaii[]' and has been 'deemed a vexatious litigant or subjected to prefiling requirements in multiple district courts across the country.'") (citing *Emrit v. Cent. Intel. Agency*, No. 3:22-CV-35, 2022 WL 1575999, at *1 (N.D.W. Va. Apr. 1, 2022)); *Emrit v. Obama*, No. 26-CV-3083, 2026 WL 690452, at *2 (C.D. Ill. Mar. 11, 2026) ("Plaintiff's allegations 'make no rational argument in law or facts to support his claim for relief.'") (quoting *Jones v. Morris, 777* F.2d 1277, 1279–80 (7th Cir. 1985)); *Emrit v. Obama*, 26-CV-180, 2026 WL 967926, at *2 (D.N.H. Mar. 24, 2026) ("As plaintiff has filed the same claims in a number of different federal districts, and the courts that have screened his pleadings upon preliminary review have all dismissed the Complaint as frivolous or for failure to state a claim, the interests of justice are not served by transferring this case elsewhere."), *report-recommendation adopted*, 2026 WL 967395 (D.N.H. Apr. 9, 2026); *Emrit v. Obama*, No. 26-1648 (8th Cir. Apr. 8, 2026) (affirming dismissal of plaintiff's complaint raising identical claims against the same defendants as in the case at bar for "lack of jurisdiction as premature.")

The Court notes that Plaintiff's litigiousness is well documented. Most recently, it was noted in the Eastern District of New York that as of November 2025, "Plaintiff has filed over one thousand cases in the federal courts across the country." *Presidential Candidate No. P60005535 v. Burnett*, No. 25-CV-2873, 2025 WL 3268247, at *3 (E.D.N.Y. Nov. 4, 2025). Plaintiff "is a classic example of a litigant who abuses the privilege of proceeding IFP." *Emrit v. Experian, Inc.*, No. 18-cv-311-BAS-AGS, No. 3, at *2 (S.D. Cal. Mar. 5, 2018). Plaintiff has filed "over two hundred civil cases and appeals in the federal court system," *id.*, and has been sanctioned by the Western District of Texas, determining that he "abuses the in forma pauperis process and clogs the

federal district courts with meritless litigation." *See Emrit v. Nat'l Academy of Recording Arts & Sciences*, No. 1:14-cv-00392-SS, 2015 WL 518774, at *4 (W.D. Tex. Feb. 5, 2015) (listing cases). Plaintiff also has been barred from filing suits without leave of court in at least three federal district courts. *See Emrit v. Ctrs. for Medicare & Medicaid Servs. (CMS)*, No. 2:14-cv-1761-GMN-PAL, 2016 WL 164992 (D. Nev. Jan. 14, 2016); *Emrit v. Na''l Academy of Recording Arts & Sciences*, 2015 WL 518774, at *4; *Emrit v. Time Warner, Inc.*, No. 1:14-cv-00314-LAP, ECF No. 13 (S.D.N.Y. May 16, 2014).

Accordingly, the Court finds justice does not require granting him an opportunity to amend. The Court recognizes that with this submission, Plaintiff has filed five complaints within the past three years—two of which the Court dismissed sua sponte for failure to state a claim and one that the Court transferred. *Emrit v. The Grammys Awards on CBS*, No. 1:23-cv-205 [Doc. 9] (E.D. Tenn. Dec. 8, 2023) (dismissing Plaintiff's case for failure to state a claim and warning that further frivolous filings will result in sanctions); *Emrit v. Musk*, No. 3:25-cv-7 [Doc. 14] (E.D. Tenn. April 30, 2025); *Emrit v. U.S. Pat. & Trademark Off.*, No. 3:25-cv-412 [Doc. 8] (E.D. Tenn. Sept. 8, 2025) (transferring to the East District of Louisianna). The Court notes that Plaintiff has already been warned "that further frivolous filings . . . in this district will result in sanctions." *Emrit v. The Grammys Awards on CBS*, No. 1:23-cv-205 [Doc. 9 p. 2] (E.D. Tenn. Dec. 8, 2023).[4] Given that Plaintiff has previously received warning about further frivolous filings, this may warrant a review of whether a filing injunction is appropriate.

---

[4] At the time of entry of the referenced order, SO-18-04 delegated authority to the Chief District Judge to enter injunctions limiting filings from individuals who had abused the legal process. The Court has since abrogated SO-18-04. *See* SO-24-15.

## III. CONCLUSION

For the reasons explained above, the undersigned **GRANTS** Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs [**Doc. 2**]. The Court **DIRECTS** the Clerk to file the Complaint in this case without prepayment; however, no process shall issue until the District Judge has ruled upon this Report and Recommendation,[5] because the undersigned **RECOMMENDS** that the Complaint [**Doc. 1**] be **DISMISSED** in its entirety.[6]

Respectfully submitted,

Debra C. Poplin
United States Magistrate Judge

---

[5] This matter is to be presented to the District Judge pursuant to this Report and Recommendation under the authority of *Gibson v. R.G. Smith Co.*, 915 F.2d 260, 263 (6th Cir. 1990), wherein the Court of Appeals states that such matters proceed automatically to a district judge for examination of the complaint after a magistrate judge has granted the petition to proceed without prepayment of costs.

[6] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Fed. R. Civ. P. 72(b)(2). Such objections must conform to the requirements of Federal Rule of Civil Procedure 72(b). Failure to file objections within the time specified waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 153–54 (1985). "[T]he district court need not provide *de novo* review where objections [to the Report and Recommendation] are '[f]rivolous, conclusive or general.'" *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (quoting *Nettles v. Wainwright*, 677 F.2d 404, 410 n.8 (5th Cir. 1982)). Only specific objections are reserved for appellate review. *Smith v. Detroit Fed. of Tchrs.*, 829 F.2d 1370, 1373 (6th Cir. 1987).